510 A.2d 1253

**COMMONWEALTH of Pennsylvania**

**v.**

**Michael ELLIS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1986.

Filed June 13, 1986.

12

---

David M. McGlaughlin, Philadelphia, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newtown Square, for Com., appellee.

14

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, WIEAND, McEWEN, OLSZEWSKI, DEL SOLE, MONTEMURO and TAMILIA, JJ.

BROSKY, Judge:

This is an appeal from the order dismissing appellant's claims of ineffective assistance of counsel and reinstating his judgment of sentence. Appellant raises three issues for our determination: (1) whether the trial court erred in not finding appellant's trial counsel ineffective for failing to preserve the issue of the illegality of his arrest; (2) whether the trial court erred in not finding appellant's trial counsel ineffective for failing to preserve the issue concerning the lack of qualification of the Commonwealth's expert witness; and (3) whether the trial court erred in not finding appellant's trial counsel ineffective for failing to request the trial judge to recuse himself, after the same judge had presided over appellant's suppression hearing. We have carefully reviewed the record and briefs submitted by counsel and find that trial counsel's inaction did not constitute ineffective assistance of counsel. Accordingly, we affirm.

Appellant was found guilty of burglary, theft and criminal conspiracy after a bench trial before the Honorable Melvin G. Levy, Jr. on October 21 and 22, 1981. Subsequently, appellant was sentenced to concurrent terms of one and one-half to five years less one day on the burglary and conspiracy counts. On his direct appeal, a panel of this Court remanded the case for an evidentiary hearing on the ineffectiveness claims.[1] On remand, the trial court determined that appellant's ineffectiveness claims were meritless and reinstated the judgment of sentence. We agree.

1. In his original appeal from the judgment of sentence, three of appellant's issues had been waived due to trial counsel's failure to brief and argue them in his post-trial motions or, in the case of appellant's recusal issue, had failed to assert a recusal motion at trial. The panel reviewing the direct appeal believed that appellant's recusal issue may have been of arguable merit but remanded the case for an evidentiary hearing on all of appellant's ineffectiveness claims.

■ The test for ineffectiveness is firmly established in this Commonwealth:

It is now black letter law, requiring no citation, that counsel will not be deemed ineffective for failing to pursue a meritless claim; that counsel's assistance is deemed constitutionally effective where the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest; that the test for competency is not whether other alternatives are more reasonable, employing a hindsight evaluation of the record, but whether counsel's assessment of the case and his advice were reasonable; and, finally, in order to be entitled to relief under a theory of ineffective assistance of counsel, it must appear that counsel's action or inaction was prejudicial to the defendant.

*Commonwealth v. Larkins,* 340 Pa.Super. 56, 69, 489 A.2d 837, 843–844 (1985). Further, since counsel's stewardship is presumptively effective, the burden of establishing ineffectiveness rests upon the defendant. *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981).

■ Therefore, to succeed in his claims, in the instant case, appellant must show that the issues not preserved had arguable merit; that counsel's failure to pursue the issues had no reasonable basis; and that counsel's ineffectiveness so prejudiced his case that he was deprived of a fair trial. *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985). We will address appellant's issues seriatim.

Appellant's primary contention is that his trial counsel was ineffective for failing to preserve the issue of the alleged illegality of his arrest.[2] Appellant claims that at the time he was arrested, the Philadelphia police lacked probable cause to make the arrest. Thus, appellant sought the suppression of an inculpatory statement and of the evidence of his sneaker prints as fruits of an illegal arrest. A review

2. We note that trial counsel did assert this issue in his pre-trial motion to suppress and preserved the issue throughout the trial. The issue was waived after counsel, having determined the issue to be meritless, failed to brief or argue the issue in appellant's post-trial motions.

of the facts surrounding appellant's arrest, as clearly testified to by three police officers who were on the scene, show that appellant's first issue is devoid of any arguable merit.

The evidence establishes that during the evening of May 17, 1983, a burglary occurred at an industrial equipment company in Upper Darby, Pennsylvania which is a suburb adjacent to Philadelphia. Taken during the burglary were two, yellow, Chevrolet pickup trucks which each displayed the company name in black lettering on their sides. At approximately 11:45 p.m. that evening, a report of the burglary and a description of the two pickup trucks was broadcast over the city-wide Philadelphia police radio band. Each of the officers testified that they had heard the city-wide broadcast about the burglary.

Shortly thereafter, at approximately 12:03 a.m., May 18, the officers responded to a radio call which reported that males were in the process of stripping a truck in the 6300 block of Regent Street in Philadelphia. Arriving at the scene, the officers witnessed three males in the process of unloading a yellow, Chevrolet pickup truck. Upon seeing the police vehicles, the three men ran in different directions. Two of the men successfully eluded the officers, but appellant was chased into an alley.

Although the officers searched the alley, appellant had disappeared into the darkness so the officers went back to the street and investigated the pickup truck. The pickup truck fit the description of trucks from the earlier reported burglary and in its vicinity the police officers found various pieces of industrial equipment such as an industrial vacuum cleaner, acetylene torches, drills, generators and chain saws.[3]

About five minutes after appellant had run into the alley, he was observed pushing a motorcycle out of the alley. Once on the street, appellant started the engine and began to drive away. The officers immediately recognized appellant as the suspect they had followed into the alley and

3. Upon further investigation, the officers located the second pickup truck on a side street about one-half block away.

gave chase. Appellant was apprehended a few blocks away and placed into a patrol wagon.

A computer check was then conducted on the vehicle appellant was riding and revealed that the motorcycle had been stolen. Since appellant was placed into the patrol wagon, and thus effectively placed under arrest prior to the officers receiving the results of the NCIC check, appellant maintains that the police lacked probable cause to arrest him for the stolen vehicle. Appellant asserts that since the police officers lacked probable cause to arrest him on the stolen vehicle charge, his detention on the instant burglary charges was likewise tainted. We find appellant's argument to be wholly without merit.

■ The established test for determining whether an officer had sufficient probable cause to legally justify a warrantless arrest involves looking at the facts and circumstances confronting the officer at the time of the arrest. As our Supreme Court noted in *Commonwealth v. Travaglia*, 502 Pa. 474, 484, 467 A.2d 288, 292 (1983), *cert. denied, Lesko v. Pennsylvania* and *Travaglia v. Pennsylvania*, 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984),

A police officer may arrest without a warrant where there is probable cause to believe that a felony has been committed and that the arrestee is the felon. Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the arrestee has committed the offense.

Furthermore, we note that the standard of probable cause must be applied to the totality of the circumstances facing the police. *Commonwealth v. Kazior*, 269 Pa.Super. 518, 410 A.2d 822 (1979). Thus,

[w]hen we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might.... Final-

ly, we must remember that in dealing with questions of probable cause, we are *not* dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same 'beyond-a-reasonable-doubt' standard which we apply in determining guilt or innocence at trial.

*Commonwealth v. Simmons,* 295 Pa.Super. 72, 83, 440 A.2d 1228, 1234 (1982), *quoting Commonwealth v. Devlin,* 221 Pa.Super. 175, 178, 289 A.2d 237, 239 (1972) (emphasis in original).

■ In the instant case, the officers had received information about the Upper Darby burglary shortly before witnessing appellant in the process of unloading industrial equipment from a yellow, Chevrolet pickup truck in a residential neighborhood just after midnight. As the officers approached the truck, appellant and his two confederates ran away. The officers chased appellant into an alley from which he later emerged with the motorcycle. Before spotting appellant's attempted escape, the officers determined that the truck appellant had been unloading fit the description of the trucks taken during the burglary.

We find that possessed of this information, the officers had more than sufficient probable cause to arrest appellant in connection with the burglary. Further, we are of the opinion that the question of whether or not the police had probable cause to arrest appellant on the stolen vehicle charge has no bearing on this issue. Therefore, it is clear that the illegal arrest issue is devoid of arguable merit. As such, trial counsel cannot be deemed ineffective for failing to raise or preserve the issue. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Appellant's second contention is that his trial counsel was ineffective in failing to preserve the issue concerning the qualifications of the Commonwealth's expert witness. We note that the determination of a witness' qualification as an expert rests in the sound discretion of the trial court and will not be reversed absent a clear abuse of that

discretion. Further, an expert may acquire his knowledge through practical experience and need not have received his expertise through academic training. *Commonwealth v. Bulling,* 331 Pa.Super. 84, 480 A.2d 254 (1984).

■ In this case, the Commonwealth's expert had been employed by the Delaware County Crime Lab for over five years and, although academically trained as a chemist, had also worked in comparing tool marks, tool impressions, tire and shoe marks. Thus, the court deemed the witness qualified to testify as to the comparison of appellant's sneaker prints to those found at the crime scene.

In the record, we find no abuse of discretion by the trial court in admitting the witness' testimony as expert. Thus, the issue has no arguable merit and trial counsel cannot be found ineffective for failing to raise or preserve it. *Hubbard, supra.*

■ Appellant's final contention is that his trial counsel was ineffective for failing to request the trial judge to recuse himself after he had heard testimony about an unrelated criminal incident (the stolen motorcycle) during appellant's suppression hearing. Although the panel hearing appellant's direct appeal believed that this issue may have had arguable merit and, so, remanded the case, the trial court found this issue to be without merit because of the prevailing view that judicial fact finders are capable of disregarding most prejudicial evidence. See *Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980). Further, to necessitate recusal, the evidence heard at the suppression hearing must not only be inadmissible, but also of a highly prejudicial nature. *Commonwealth v. Lewis,* 314 Pa.Super. 298, 460 A.2d 1149 (1983).

■ Appellant failed to show that the inadmissible evidence concerning the stolen motorcycle was of such a highly prejudicial nature that the trial judge would have been obligated to recuse himself if requested. As the Court opined in *Lewis,* we too are of the opinion that because of the instincts developed by the trial judge's training and

experience, which allow him to make decisions unaffected by irrelevant, inadmissible or prejudicial developments, appellant has failed to prove the arguable merit of his issue. Because this issue lacks arguable merit we cannot deem trial counsel ineffective for failing to pursue it.[4] *Hubbard, supra.*

Because appellant's issues are devoid of arguable merit, we find that the trial court properly dismissed his claims of ineffective assistance of counsel.

Order affirmed.

---

**4.** Assuming, *arguendo,* that the issue did have arguable merit, trial counsel's testimony at the evidentiary hearing reveals that he carefully considered whether to move for recusal. Trial counsel was of the opinion that the trial court was skeptical of the Commonwealth's evidence and, thus, made the reasoned decision not to ask for recusal. Therefore, appellant also failed to prove that his trial counsel had no reasonable basis for his inaction. Given counsel's reasonable basis, we could not find him ineffective for failing to raise the issue. *Hubbard,* supra.