612 A.2d 524

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jorge GUZMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1992.

Filed Aug. 24, 1992.

Peter C. Bowers, Philadelphia, for appellant.

Alan M. Rubenstein, Dist. Atty., Doylestown, for Com., appellee.

Before ROWLEY, President Judge and MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Bucks County, following appellant's conviction of possession of a controlled substance and possession of a controlled substance with intent to deliver. Appellant was sentenced to serve not less than seven and not more than fourteen years of imprisonment. Herein, appellant alleges: (1) Probable cause to arrest appellant without a warrant did not exist; (2) the warrantless search and seizure of appellant's satchel was illegal; and (3) The court's imposition of a mandatory minimum sentence of seven to fourteen years was illegal. Finding no error below, we affirm.

On November 11, 1988, a search warrant was executed at an apartment in Bensalem Township, and a large quantity of cocaine was seized. The resident of the apartment was then arrested. Immediately after his arrest, the individual, in an effort to receive favorable treatment from the authorities, offered to arrange a delivery of cocaine to his apartment. From his apartment, he then placed a telephone call and arranged for delivery of two kilos of cocaine. The informant told the officers that within approximately one hour appellant would deliver the cocaine to his apartment.[1] He described appellant as a Hispanic male, approximately six feet tall with dark hair. The informant also described the car which the individual would be driving.

The police began their surveillance immediately. When appellant arrived, the police officers observed that he and his automobile matched the description given by the infor-

---

1. Although the telephone conversation was conducted in Spanish, Pennsylvania State Trooper Mario Battistini, who is fluent in Spanish, was present and heard the informant order two kilos of cocaine to be delivered within one hour.

mant. The officers also observed that he was carrying a satchel which was large enough to contain two kilos of cocaine. Immediately after appellant knocked on the informant's door, the police seized appellant and searched his bag. The officers found two packages which were wrapped in brown opaque tape. Although the contents of the packages were not visible to the naked eye, the two containers were consistent with the manner in which kilo quantities of cocaine are usually packaged. Within an hour after the arrest, the satchel was transported to the police station and the two packages were opened without a search warrant. The unwrapped packages yielded more than two kilos of cocaine.

■ Appellant first argues that probable cause to arrest him without a warrant was lacking. In the recent case of *Commonwealth v. Sanchez*, 416 Pa.Super. 160, ——, 610 A.2d 1020, 1024 (1992), we restated, "To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Anderson*, 360 Pa.Super. 466, 477, 520 A.2d 1184, 1186 (1987)." —— Pa.Super. at ——, 610 A.2d at 1024 The standard for evaluating whether probable cause exists is the "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "Probable cause to arrest exists where the facts and circumstances at the time of the arrest would warrant a reasonable person in believing that the offense had been committed and that the suspect was the perpetrator of the offense." *Commonwealth v. Merriwether*, 382 Pa.Super. 411, 417, 555 A.2d 906, 910 (1989).

"When we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might.... Finally we must remember that in dealing with questions of probable cause, we are not dealing with certainties. We are dealing with the factual and practical considerations

of everyday life on which reasonable and prudent men
act. This is not the same 'beyond-a-reasonable doubt'
standard which we apply in determining guilt or inno-
cence at trial. *Commonwealth v. Devlin,* 221 Pa.Super.
175, 289 A.2d 237 (1972)."

*Commonwealth v. Simmons,* 295 Pa.Super. 72, 83, 440
A.2d 1228, 1234 (1982), quoting *Commonwealth v. Kazior,*
269 Pa.Super. 518, 524, 410 A.2d 822, 824–825 (1979). See
also: *Commonwealth v. Chase,* 394 Pa.Super. 168, 171–172,
575 A.2d 574, 575–576 (1990); *Commonwealth v. Ellis,* 354
Pa.Super. 11, 17–18, 510 A.2d 1253, 1256 (1986) (en banc).

 Applying the "totality of the circumstances" test,
we find that probable cause to arrest appellant existed.
The informant provided the officers with a specific descrip-
tion of appellant and of his vehicle. Although the reliability
of the informant could be questioned, "[c]orroboration can
enhance reliability of an otherwise unknown informant."
*Commonwealth v. Sorrell,* 319 Pa.Super. 103, 112, 465 A.2d
1250, 1255 (1983). The information was corroborated when
the officers observed a man who matched the physical
description given by the informant proceed to his apartment
proximate to the time predicted by the informant. Appel-
lant was also driving a car which matched the description
given by the informant. The officers also observed that
appellant was carrying a satchel which was large enough to
contain two kilos of cocaine. In light of the "totality of the
circumstances", we find that it was reasonable for the
police to believe that appellant was in possession of cocaine
with the intent to deliver.[2]

 Appellant's second contention is that the warrantless
search of his satchel was illegal, and, therefore, the cocaine

---

**2.** Appellant argues that assuming there was probable cause to arrest,
the officers were required to obtain a warrant prior to his arrest.
However, appellant was scheduled to deliver the cocaine within one
hour of the telephone conversation. The time factor made it neces-
sary for the officers to begin surveillance immediately, as appellant
could arrive with the drugs at anytime. In light of that fact, we find
that exigent circumstances excused the arrest warrant requirement.
See *Commonwealth v. Miley,* 314 Pa.Super. 88, 460 A.2d 778 (1983);
*Commonwealth v. Hartford,* 313 Pa.Super. 213, 459 A.2d 815 (1983).

should have been suppressed. The Fourth Amendment and Article I, section 8 of the Commonwealth's constitution bars "unreasonable searches and seizures." However, "it is of course axiomatic that an arresting officer may, without a warrant, search a person validly arrested, and the constitutionality of a search incident to a valid arrest does not depend upon whether there is any indication that the person arrested possesses weapons or evidence as the fact of a lawful arrest, standing alone, authorizes a search." *Commonwealth v. Trenge*, 305 Pa.Super. 386, 403, 451 A.2d 701, 710 (1982), citing, *inter alia, Michigan v. DeFillippo*, 443 U.S. 31, 35, 99 S.Ct. 2627, 2630, 61 L.Ed.2d 343, 348 (1979) and *Commonwealth v. Long*, 489 Pa. 369, 414 A.2d 113 (1980). We find that the warrantless search of appellant's bag was proper as a search incident to a lawful arrest.

The case of *Trenge, supra*, is factually similar to the case at bar. In *Trenge, supra*, a police officer arrested Trenge without a warrant for possession of marijuana. At the time of his arrest, Trenge was carrying a bag with a strap which secured it over his shoulder. The arresting officer confiscated the bag, immediately opened it and discovered 350 grams of marijuana inside. We found that the marijuana was lawfully seized pursuant to a search incident to a lawful arrest. *Trenge*, 305 Pa.Superior Ct. at 403, 451 A.2d 710. Instantly, the officers seized appellant's satchel from his person at the time of his valid warrantless arrest, opened the bag and discovered inside two packages consistent with those in which kilos of cocaine are shipped. We find the search of appellant's bag was proper in order to determine whether there were any weapons present and further to prevent the destruction of any evidence. *Cf., Trenge, supra; Commonwealth v. Henry*, 358 Pa.Super. 306, 517 A.2d 559 (1986) (search of briefcase immediately following arrest is justified as incident to a lawful arrest); *Commonwealth v. Van Jordan*, 310 Pa.Super. 516, 525, 456 A.2d 1055, 1060 (1983)

Appellant objects not only to the initial search but also to the continued search at the police barracks of the two packages discovered inside the satchel. Appellant ar-

gues that since the police had exclusive control of the satchel subsequent to his arrest, they were required to obtain a search warrant before unwrapping the packages. The record reveals that within one hour after returning to the barracks, the police unwrapped the opaque packages, thus revealing the cocaine inside. The United States Supreme Court held that a once an accused has been lawfully arrested and is in custody, anything that was subject to search and seizure at the time and place of arrest may be lawfully searched without a warrant, even after a substantial amount of time has lapsed following arrest. *United States v. Edwards*, 415 U.S. 800, 804, 94 S.Ct. 1234, 1237, 39 L.Ed.2d 771, 776 (1974). Therefore, we find that no impropriety in the officers' actions since the packages could have been legally opened at the time of appellant's arrest.[3]

Appellant's final contention relates to the legality of his sentence. Appellant alleges the mandatory minimum sentence of seven years under 18 Pa.C.S.A. § 7508(a)(3)(iii) is impermissibly vague since 35 P.S. § 780–113(f)(1.1) allows for a maximum penalty of ten years for the same crime and 42 Pa.C.S.A. § 9756(b) mandates the minimum sentence cannot exceed one half the maximum sentence. In *Commonwealth v. Morales*, 394 Pa.Super. 160, 575 A.2d 148 (1990), we addressed the identical question in terms of a sentence for possession of marijuana with the intent to deliver. Therein, we found that that penalty provisions of 18 Pa.C.S.A. § 7508 supercede those of 35 P.S. § 780–113,

---

**3.** Appellant cites *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) for the proposition that a warrant should have been obtained prior to searching the satchel and its contents. However, not only are those cases inapposite since they relate specifically to searches of containers found within an automobile, but also they have been expressly overruled by the United States Supreme Court in *California v. Acevedo*, —— U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). But see, *United States v. $639,558*, 955 F.2d 712 (D.C.Cir.1992) (holding that the basic holding of *Chadwick* survived *Acevedo* ). We note that the decision in *California v. Acevedo, supra*, was handed down on May 30, 1991, over five months before defense counsel filed his appellate brief. We chastise counsel for his referring to *Sanders* and *Chadwick* without also citing *Acevedo*.

since § 7508 was the more recently enacted. *Morales,* *supra.* Since appellant was properly sentenced pursuant to 18 Pa.C.S.A. § 7508(a)(3)(iii), his challenge to the legality of his sentence must fail.

Judgment of sentence affirmed.