652 A.2d 953

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rudolph ALBINO.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1994.

Decided Jan. 5, 1995.

Andrew S. Gibson, Asst. Dist. Atty., Philadelphia, for Com., appellant.

David Zuckerman, Asst. Public Defender, Philadelphia, for appellee.

Before CIRILLO, BECK and HOFFMAN, JJ.

CIRILLO, Judge:

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas of Philadelphia County, granting Rudolph Albino's motion to suppress 18 vials of crack cocaine. We reverse.

On September 8, 1992, Albino was charged with possession of a controlled substance and possession with intent to deliver a controlled substance. On November 11, 1992, Albino filed an omnibus pre-trial motion to suppress evidence of crack cocaine seized from his person, claiming that the police lacked probable cause to arrest at the time that the search and subsequent seizure occurred. On May 24, 1993, following a suppression hearing, the Honorable Albert John Snite, Jr. granted Albino's motion to suppress. This appeal followed.

On appeal, the Commonwealth presents the following issue for our review:

Did the police lack probable cause. to arrest, where Officer Meissler observed Albino engage in a surreptitious sale of "small" objects in an area where Officer Meissler had conducted numerous arrests for narcotics offenses?

In reviewing an order granting a motion to suppress evidence, we must determine whether the factual findings of the suppression court are supported by evidence of record. *Commonwealth v. Frank*, 407 Pa.Super. 500, 502, 595 A.2d 1258, 1259 (1991). In making this determination, we may consider only the evidence of the defendant's witnesses and so much the Commonwealth's witnesses as fairly read in the context of the record remains uncontradicted. *Commonwealth v. Dennis*, 417 Pa.Super. 425, 427, 612 A.2d 1014, 1015 (1992). If the evidence supports the factual findings of the trial court, we are bound by such findings, and we may reverse only if the legal conclusions drawn therefrom are erroneous. *Id.*

The suppression court made the following factual findings: On September 8, 1992, Officer Gregory Meissler conducted routine surveillance of the corner of Mutter and Cambria Streets in Philadelphia, using a pair of binoculars. At approx-

imately 12:55 p.m., Officer Meissler observed an unidentified Black female approach Albino, who was standing in front of a building on the 2900 block of Mutter Street. As the woman reached Albino's position, Officer Meissler witnessed Albino reach beneath the waistband of his pants, pull out a purse, remove some "objects"[1] from the purse, and hand those objects to the unknown female in exchange for United States currency. In Officer Meissler's expert opinion as a trained police officer,[2] the transaction he witnessed involved the sale of controlled substances. Pursuant to this belief, Officer Meissler approached Albino and, after patting him down for weapons, asked him to open his trousers and remove the purse he had hidden there. Upon complying with this request, Officer Meissler examined the contents of the purse and discovered 18 yellow capped vials of crack cocaine and $13.00 in cash. Officer Meissler immediately placed Albino under formal arrest.

In the case at hand, the Commonwealth argues that the trial court erred in suppressing the 18 vials of crack cocaine seized from Albino's person by Officer Meissler. Specifically, the Commonwealth asserts that Officer Meissler conducted a valid search incident to a lawful arrest, based upon probable cause that Albino committed an illicit sale of narcotics. We agree.

In general, a search conducted without a warrant is presumed unreasonable unless it is undertaken under a recognized exception to the warrant requirement. *Commonwealth v. Agnew*, 411 Pa.Super. 63, 74, 600 A.2d 1265, 1271 (1991). A search incident to a lawful arrest is one such exception. *Id.*

---

**1.** During the suppression hearing there was some controversy as to Officer Meissler's characterization of these objects. On direct examination he described the objects removed from the purse as being "white," but on cross-examination he testified that he could not tell exactly what these objects were from his vantage point.

**2.** Officer Meissler is an experienced police officer who, in his five years on the police force, has made more than 40 arrests for crimes involving controlled substances and has, on more than 100 occasions, observed the sale of controlled substances on the very corner on which he observed Albino's transaction.

To be lawful, a warrantless arrest must be supported by probable cause. The standard for determining whether probable cause exists is the "totality of the circumstances" test announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1982). *Commonwealth v. Guzman*, 417 Pa.Super. 364, 367, 612 A.2d 524, 525 (1992). Probable cause to arrest exists when the facts and circumstances contemporaneous with the arrest would warrant a reasonable person to believe that a crime had been committed and that the suspect had committed it. *Id.* (citations omitted). Moreover,

> [w]hen we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the *eyes of the trained officer*, and do not view the situation as an average citizen might.... Finally, we must remember that in dealing with questions of probable cause, we are not dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same 'beyond a reasonable doubt' standard which we apply in determining guilt or innocence at trial. *Commonwealth v. Devlin*, 221 Pa.Super. 175, 289 A.2d 237 (1972).

*Guzman*, 417 Pa.Super. at 367–68, 612 A.2d at 525 (emphasis added). *See also Agnew, supra; Commonwealth v. Ellis*, 354 Pa.Super. 11, 510 A.2d 1253 (1986); *Commonwealth v. Simmons*, 295 Pa.Super. 72, 440 A.2d 1228 (1982).

Furthermore, when a police officer observes citizens engaged in suspicious transactions on public thoroughfares, the determination of whether probable cause exists is ordinarily a difficult one. *Agnew*, 411 Pa.Super. at 76, 600 A.2d at 1272. In fact, the Pennsylvania Supreme Court has observed that in such cases "all the circumstances surrounding a transaction between citizens are to be considered in determining whether law enforcement officers have acted arbitrarily or have acted on the basis of probable cause." *Id.* (citing *Commonwealth v. Lawson*, 454 Pa. 23, 27, 309 A.2d 391, 394 (1973)). In making such a determination, the *Lawson* Court elaborated that:

All of the detailed facts and circumstances must be considered. The time is important; the street location is important; the use of a street for commercial transactions is important; the number of such transactions is important; the place where the items were kept by one of the sellers is important; the movement and manners of the parties are important.

       *     *     *     *     *     *

It is difficult to isolate any one fact or circumstance and assign to it a given weight. If any one of the facts and circumstances, which we have detailed, were missing, the necessary conclusion of probable cause might not be allowable. Every commercial transaction between citizens on a street corner when unidentified property is involved does not give rise to probable cause for an arrest.

*Id.* (citing *Lawson,* 454 Pa. at 28–29, 309 A.2d at 394).

Recently, in *Commonwealth v. Malson,* 434 Pa.Super. 155, 642 A.2d 520 (1994), we had pause to consider whether a police officer had probable cause to arrest an individual, after observing what appeared to be a drug transaction. The facts in *Malson* were as follows: On September 14, 1991, at approximately 9:15 p.m., Philadelphia Police Officer Michael Copecki conducted surveillance without binoculars in the area of Hieskil and Armat streets. After a few minutes, Officer Copecki saw the defendant David Malson standing outside of a sports bar located on that corner. Several people walked past Malson with no conversation or interaction. A short time later, a black male approached Malson and handed him "something green." [3] In exchange, Malson removed a small purse from his pants pocket, withdrew an unknown object from the purse, and handed it to the male. The male then exited in a black automobile.

Officer Copecki continued to observe Malson for a brief time, but witnessed no additional suspicious conduct. Officer Copecki was then joined by his partner, Officer Peters, and

---

**3.** On direct examination at the suppression hearing, Officer Copecki testified that the green object appeared to be U.S. currency. On cross-examination, however, Officer Copecki admitted that the green object could have been something besides money.

the two officers placed Malson under arrest. Following the arrest, the police seized a brown change purse containing $41.00 and 18 yellow-tinted vials containing crack cocaine. Officer Copecki, a seven-year veteran on the police force, who had made ten prior narcotics arrests, believed that Malson had sold narcotics to the unknown male. Prior to trial, Malson filed a motion to suppress the seized vials of crack cocaine, claiming that the police lacked the probable cause necessary to arrest him. The suppression court agreed and granted Malson's motion.

On appeal, we affirmed the suppression court's order, agreeing that Officer Copecki lacked the necessary quantum of probable cause required to arrest Malson. In reaching this decision, we stated that in order for probable cause to exist, "there must be *other facts* which, together with a suspicious exchange of unidentified objects, supports a reasonable belief that the exchange is drug related." *Malson*, 434 Pa.Super. at 164, 642 A.2d at 524.

In that case, however, we could find no such "other factors." Officer Copecki witnessed the transaction without the benefit of binoculars and could not positively identify either the currency or the crack cocaine. In addition, the incident occurred at night, Malson withdrew the brown purse from his right pants pocket and not from some more furtive location, and Malson did not attempt to flee when approached by the police. Thus, we concluded that as Malson's arrest was not supported with probable cause, the subsequent search was improper, and the crack cocaine seized was correctly suppressed by the trial court.

In the instant case, however, we think that there were "other facts" which, combined with the exchange of objects, gave rise to a reasonable belief that the exchange was drug related. Unlike *Malson*, in the present case, Officer Meissler observed the entire scene through binoculars and was able to positively identify currency changing hands during the transaction. The incident occurred during the day, on the 2900 block of North Mutter Street, where Officer Meissler testified he had made approximately forty previous narcotics arrests.

Further, in his five years of experience in that particular district, Officer Meissler had observed more than 100 sales of controlled substances. We believe, therefore, that viewing this scene through the eyes of an experienced police officer, there existed sufficient probable cause to arrest Albino, despite Officer Meissler's inability to positively identify the object exchanged as a controlled substance. Accordingly, we conclude that the trial court erred in granting Albino's motion to suppress and in precluding the seized crack cocaine into evidence.

Order reversed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

"Every commercial transaction between citizens on a street corner does not give rise to probable cause for an arrest." *Commonwealth v. Malson,* 434 Pa.Super. 155, 161, 642 A.2d 520, 529 (1994) (quoting *Commonwealth v. Lawson,* 454 Pa. 23, 28–29, 309 A.2d 391, 394 (1973)). In the instant case, Officer Meissler observed appellant engage in one transaction with another individual. While he observed the exchange of U.S. currency, he admits that he was unable to identify the object exchanged.[1] Officer Meissler had no information that appellant was a known drug dealer, nor was he responding to any citizen complaints of drug activity at that location on September 8, 1992. Moreover, when approached by Officer Meissler, appellant made no attempt to flee and behaved in a compliant manner. Viewing all of the facts and circumstances in their totality, I find that there was not a reasonable basis to support a finding of probable cause to arrest. *See Commonwealth v. Greber,* 478 Pa. 63, 385 A.2d 1313 (1978) (probable cause to arrest lacking where the officer had no prior information about drug activity, only observed one isolated transaction and could not identify either object exchanged); *Commonwealth v. Malson,* 434 Pa.Super. at 164, 642 A.2d at 525 ("no citizen may

1. On cross examination Officer Meissler testified that on the day in question he could not identify the objects exchanged from his vantage point. N.T., May 24, 1993 at 14–17.

be arrested merely for passing an unidentified item to another citizen on a public street"); *Commonwealth v. Agnew,* 411 Pa.Super. 63, 74, 600 A.2d 1265 (1991) (no probable cause to arrest where officers unable to identify object exchanged).

Accordingly, for the reasons stated above, I must respectfully dissent.