664 A.2d 178

**COMMONWEALTH of Pennsylvania**

v.

**Anthony JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 1995.

Filed Sept. 8, 1995.

490

Kalvin Kahn, Philadelphia, for appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, POPOVICH, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the March 21, 1994 judgment of sentence for possession[1] and possession with intent to deliver.[2] Appellant, Anthony Johnson, now argues that the police lacked probable cause when they arrested him. *See* Appellant's Brief at 3.

On January 12, 1993, appellant was arrested and charged with possession and possession with intent to deliver a controlled substance. On November 18, 1993, appellant filed a pre-trial motion to suppress evidence of crack cocaine seized from his person at the time of arrest, which was subsequently denied. Following a bench trial, appellant was convicted of both charges and thereafter sentenced on each count to three and one-half (3½) to seven (7) years imprisonment, each count to run concurrently. This timely appeal followed.

Appellant now argues that the trial court erred in failing to suppress the evidence of crack cocaine. For the following reasons, we affirm.

 We have previously opined:

In reviewing an order denying a motion to suppress evidence we must determine whether the factual findings of the lower court are supported by the evidence of record. In making this determination, we may only consider the evidence of the Commonwealth witnesses and so much of the witnesses for the defendant as, fairly read in the context of

1. 35 Pa.S. § 780–113(a)(16).
2. 35 Pa.S. § 780–113(a)(30).

the record as a whole, remains uncontradicted. If the evidence supports the findings of the lower court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Frank,* 407 Pa.Super. 500, 502, 595 A.2d 1258, 1259 (1991). In determining whether probable cause exists, we must consider all the factors and their total effect. *Commonwealth v. Dennis,* 417 Pa.Super. 425, 429, 612 A.2d 1014, 1016 (1992), *appeal denied,* 535 Pa. 654, 634 A.2d 218 (1993). In addition, we must focus on the circumstances as seen through the eyes of a trained police officer, and remember that in dealing with questions of probable cause, we are not dealing with certainties, but the practical and factual considerations of every day life on which reasonable and prudent men act. *Id.* at 429–30, 612 A.2d at 1016.

Here, the suppression court made the following factual findings:

> On January 12, 1993, at approximately 8:50 pm, Officers Kevin Beckett and Joseph Muzyka, of the Narcotic Unit's Special Investigation Division of the Philadelphia police force, were in the area of the 1200 block of Perth Street, in the City of Philadelphia, to conduct a surveillance of alleged drug activity. Both officers were in plain clothes, in an unmarked vehicle. The officers were travelling westbound at a rate of five to ten miles an hour on Masters Street, approximately a half a block before Perth Street, when they observed [appellant] standing on the corner of Perth and Master Streets.

> An unidentified black male handed United States currency to the [appellant] and the [appellant] removed several items from his right coat pocket and handed them to the unidentified male. From his view point (about a quarter of a block away) Officer Beckett testified that he believed these items to be vials of cocaine. This belief was based on his unobstructed view of the transaction and his eight years of experience on the police force (including five years as a narcotics officer and over one thousand drug related ar-

rests). Additionally, Officer Beckett testified that he had made numerous drug related arrests in this part of the city.

The officers then stopped their vehicle and Officer Beckett got out to investigate. When [appellant] and the other male saw Officer Beckett exit the vehicle, both immediately fled in different directions. Officer Beckett chased [appellant] westbound on Masters Street, around the corner onto Eighth Street and into a vacant lot where he was captured. At this point Officer Beckett searched [appellant] for safety purposes. [Appellant] was then arrested and twenty seven vials containing crack cocaine and thirteen dollars in United States currency were confiscated....

Trial Court Opinion 3/8/95 at 1–2.

This court was recently faced with a similar situation in *Commonwealth v. Albino*, 438 Pa.Super. 562, 652 A.2d 953 (1995). In that case, a police officer, with five years experience on the force and over forty narcotics arrests, observed a defendant reach beneath the waistband of his pants, pull out a purse, remove some "objects," from the purse and hand those objects to an unknown female in exchange for United States currency. *Albino*, 438 Pa.Super. at 563, 652 A.2d at 954. The *Albino* court found that, when viewing this scene through the eyes of a trained police officer, there was sufficient probable cause to arrest because of the following factors: (1) the officer observed the exchange of objects; (2) the officer positively identified currency changing hands during the transaction; (3) the officer was experienced in observing the sales of controlled substances; and (4) the transaction took place in an area of high drug activity. *Albino*, 438 Pa.Super. at 568, 652 A.2d at 956.

■ Here, the facts provide a stronger basis for finding probable cause. First and foremost, Officer Beckett observed appellant exchange United States currency for what he believed to be crack cocaine. We note that Officer Beckett was located less than half a block from the transaction which took

place under street lights at night.[3] In addition, Officer Beckett was more experienced than the officer in *Albino* in observing the sales of controlled substances as well as more knowledgeable in the packaging of such substances. Furthermore, here, as in *Albino*, the transaction took place in a high drug area. Finally, unlike the defendant in *Albino*, appellant fled when he observed police in the area. *Commonwealth v. Collins*, 440 Pa. 368, 269 A.2d 882 (1970) (evidence that defendant fled when approached by police officer, who sought to arrest him, was properly admitted to show consciousness of guilt); *Frank*, 407 Pa.Super. at 510, 595 A.2d at 1262 (flight, along with additional factors which point to suspect's guilt, may establish probable cause to arrest). Viewing all these facts in their totality, the trial court did not err in denying appellant's motion to suppress. *See Albino, supra*, at 562, 652 A.2d 953; *Dennis*, 417 Pa.Super. at 430, 612 A.2d at 1016 (police had probable cause to arrest when they corroborated neighbor's complaint of drug dealing at specific address by observing defendant accept money for small item and defendant fled when he saw police approaching); *Frank*, 407 Pa.Super. at 506–07, 595 A.2d at 1261–62 (observations of defendant entering area known for drug dealing and allowing known drug dealer to enter his car for short period of time, along with fact that defendant later fled when police approached car, were sufficient to establish probable cause to arrest).[4] Accordingly, judgment of sentence is affirmed.

Affirmed.

**3.** We note that the *Albino* majority found probable cause to arrest even though there was controversy as to whether the officer could actually identify the objects exchanged from his vantage point. *Albino*, 438 Pa.Super. at 565, 652 A.2d at 954 n. 1.

**4.** This case is distinguishable from the recent Pennsylvania Supreme Court decision in *Commonwealth v. Banks*, 540 Pa. 453, 658 A.2d 752 (1995). In that case, our Supreme Court held that the observation of a single, isolated exchange of currency for some unidentified item taking place on a public street corner at midday, along with appellant's flight when the police approached, by themselves, did not give rise to probable cause to arrest. *Id.* However, the *Banks* court recognized that these factors, along with additional factors, would provide probable cause. *Id.*

In the instant case, Officer Beckett was an experienced officer who believed that the items appellant handed to the unidentified male were vials of crack cocaine because of its packaging. Moreover, unlike the officer in *Banks*, Officer Beckett knew that there was a continuous amount of drug dealing which occurred in this area as he had made more than fifty arrests in the neighborhood within the previous year. Consequently, as we find the present case riddled with these additional factors, we find that there was probable cause to arrest.