**In re Interest of T.H.**

---

C.P. of Lycoming County, No. JV 0218-2014

*Jeffrey Yates*, for Commonwealth.
*Don Martino*, for defendant.

MCCOY, *J.*, Jan. 27, 2015—Before the court is T.H.'s motion to suppress filed on December 15, 2014. A hearing was held January 8, 2015 at which time T.H. (hereinafter Juvenile) was present and represented by Don Martino, Esquire. Jeffrey Yates, Esquire was present on behalf of the Commonwealth. The only testimony elicited at the time set for the hearing was that of officer Jason Bolt of the Williamsport Police Department.

On September 29, 2014, Officer Bolt responded to 680 2nd Avenue to the phone call of TH, Mother who reported

her child, Juvenile and her nephew were refusing to attend school. Upon arrival of the home mother escorted officer Bolt upstairs to the Juvenile's bedroom. Juvenile, who was 16 years old at the time, refused to go to school when requested by officer Bolt. Officer Bolt called officer Derr for back-up. Officer Bolt instructed the youth to stand. Officer Bolt placed the juvenile under arrest although no testimony was elicited as to what charges the Juvenile was taken into custody. The juvenile was placed under arrest in his home and placed in restraints behind his back. Officer Bolt asked the Juvenile what he needed for school and the juvenile requested his back pack. Officer Bolt retrieved the backpack. Officer Bolt carried the backpack outside. Before placing the juvenile in the vehicle, Officer Bolt searched the backpack and found drug paraphernalia, namely a homemade marijuana bong.

Officer Bolt explained he searched the backpack because it was the standard procedure if a person was in custody and being transported by a police officer. Officer Bolt reported that the juvenile was not physically aggressive or threatening at any time. Officer Bolt testified that he had no concerns for his safety or indication the backpack contained contraband prior to the search. Officer Bolt testified that the other juvenile was not aggressive.

As a general rule, for a search to be reasonable under the Fourth Amendment to the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution, the police must first obtain a warrant, supported by probable cause and issued by an independent judicial officer. *Commonwealth v. Gary*, 2014 Pa. LEXIS 1119 (April 29,

2014). This general rule however, has exceptions, such as exigent circumstances and/or consent. *Id.* (citations omitted). The objective of these constitutional protections is the protection of privacy. *Id.* (citations omitted).

An additional exception to the warrant requirement is a search incident to a lawful arrest. *Commonwealth v. Guzman*, 417 Pa. Super. 364, 369 (Pa. Super. 1992). In *Guzman*, the police searched a bag that the defendant was carrying at the time of his lawful arrest. *Id.*, 367. The police believed the bag was carrying cocaine for a drug sale due to information from an informant. *Id.* The search of Guzman's bag was valid. *Id.*, 370.

The juvenile argues the search of the backpack was outside the limitations of a search incident to arrest. This court agrees. At the time the juvenile was placed under arrest and handcuffed he did not have access to the backpack, the backpack was transported outside the home by officer Bolt and at no time did the juvenile have access to the backpack. Further, officer Bolt testified that at no point did he have safety concerns or even or suspicion of contraband in the backpack.

The attorney for the Juvenile relied heavily on the non-precedential decision *In re: K.R.T.*, although this court does not rely on this decision the recitation of cases cited to is persuasive. *In re: K.R.T. Appeal of K. T.*, 512 MDA 2014 (Pa. Super. 2014).[1] One case cited was *Commonwealth v. Taylor*, which involved the search of two defendants'

---

1. A petition for allowance of appeal in *In re: K.R.T.* is currently pending before the Pennsylvania Supreme Court.

jackets that were found in the same room but not within the immediate control of either defendant. The search was held to be improper. *Commonwealth v. Taylor*, 771 A.2d 1261, 1271 (Pa. 2001)

> The Supreme Court of the United States and this court have held that the scope of a search incident to arrest extends not only to the arrestee's person, but also into the area within the arrestee's "immediate control." While the breadth of the area that falls within the arrestee's "immediate control" has been the subject of much debate, a warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." The two historical rationales for the search incident to arrest exception to the warrant requirement are (1) the need to disarm the suspect in order to take him into custody and (2) the need to preserve evidence for later use at trial. *Commonwealth v. Taylor*, 771 A.2d 1261, 1271 (Pa. 2001)(citations omitted).

The court has held "it is unreasonable to expect a police officer to place a suspect in his squad car for transport to another site without first taking reasonable measures to unsure the suspect is unarmed." The court notes that the policy expressed by officer Bolt, of searching person transported in a police vehicle appears reasonable to ensure officer safety however the law requires the consideration of privacy interests along with the ensuring safety. Officer Bolt did not suspect the juvenile was armed nor did the juvenile have access to the backpack. The backpack could have been placed in compartment of the car separate from juvenile.

## ORDER

And now, this 27th day of January 2015, following a hearing and argument, defendant's motion to suppress is granted.