658 A.2d 752

COMMONWEALTH of Pennsylvania, Appellee,

v.

Marlon BANKS, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1994.

Decided May 12, 1995.

John W. Packel, Linda A. Peyton, Philadelphia, for M. Banks.

Catherine Marshall, Ronald Eisenberg, Peter J. Gardner, Philadelphia, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY[1], Justice.

The facts in this case are that the appellant, Marlon Banks, was convicted in the Court of Common Pleas of Philadelphia County of possession of drugs (cocaine) and possession with intent to deliver a controlled substance. The Superior Court, in a memorandum decision, affirmed. Appellant alleges that evidence seized by the police should have been suppressed as the fruit of an illegal search. We agree, and, thus, reverse.

On January 20, 1992, at 12:50 p.m., a police officer in a marked police car saw appellant standing on a Philadelphia street corner. Appellant reached into his pocket and handed an object to an unknown female who, in turn, gave appellant an undetermined amount of cash. The police officer testified that he could not identify the object which appellant had handed over. As the officer's patrol car drew near, appellant fled, but he was promptly captured. Appellant was searched and cocaine was found in a brown paper bag on his person. The Commonwealth admits that the stop and apprehension of

1. This case was reassigned to this writer.

appellant was a full arrest search and not a *Terry*-type "pat down." See *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The central issue, therefore, is whether the arrest was based on probable cause under the Fourth Amendment.

■ Probable cause justifying a warrantless arrest is determined by the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In *Commonwealth v. Lawson*, 454 Pa. 23, 29, 309 A.2d 391, 394 (1973), we stated: "Every commercial transaction between citizens on a street corner when unidentified property is involved does not give rise to probable cause for an arrest." See also *Commonwealth v. Greber*, 478 Pa. 63, 385 A.2d 1313 (1978). Well recognized additional factors giving rise to probable cause were not present here. This is *not* a case where a trained narcotics officer observed either drugs or containers commonly known to hold drugs being exchanged. See *Commonwealth v. Burnside*, 425 Pa.Super. 425, 625 A.2d 678 (1993). This is *not* a case where the police observed multiple, complex, suspicious transactions. See *Lawson*, supra, 454 Pa. 23, 309 A.2d 391. And this is *not* a case in which the police officer was responding to a citizen's complaint or to an informant's tip. See *Commonwealth v. Dennis*, 417 Pa.Super. 425, 612 A.2d 1014 (1992), appeal denied, 535 Pa. 654, 634 A.2d 218 (1993). This is simply a case where a police officer chanced upon a single, isolated exchange of currency for some unidentified item or items, taking place on a public street corner at midday, and where appellant fled when approached by the officer. We believe that the fact of flight, under the circumstances presented, did not constitute a sufficient additional factor to give rise to probable cause.

■ Under the Fourth Amendment, we have long held that flight alone does not constitute probable cause for an arrest. *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973).[2]

**2.** *Jeffries* held that under the Fourth Amendment flight alone does not constitute probable cause to arrest. *Jeffries* further held that any contraband disposed of or abandoned in the course of flight improperly precipitated by police pursuit without probable cause must be sup-

Of course, as the Superior Court recently held in *Commonwealth v. Frank*, 407 Pa.Super. 500, 595 A.2d 1258 (1991), flight coupled with additional facts that point to guilt may establish probable cause to arrest. Accord *Jeffries*, supra, 454 Pa. 320, 311 A.2d 914. But the additional facts here do not by themselves "point to guilt." We find that mere police observation of an exchange of an unidentified item or items on a public street corner for cash (which alone does not establish probable cause to arrest) cannot be added to, or melded with the fact of flight (which alone does not establish probable cause to arrest) to constitute probable cause to arrest. Such facts, even when considered together, fall narrowly short of establishing probable cause.

This conclusion is consistent with our recent decision in *Commonwealth v. DeWitt*, 530 Pa. 299, 608 A.2d 1030 (1992), where we found insufficient evidence to justify a mere investigatory stop on more facts than exist in the present case. In *DeWitt*, the defendant was seen sitting in a car with three other people. The car was parked in a church parking lot at 11:50 p.m. The exterior lights were off, and the interior lights were on. Because he had received notice from the church of previous criminal behavior in the parking lot, a police officer pulled alongside the car to investigate. The interior lights went out and the four occupants made movements as if trying to hide something. The car pulled away as the officer approached. When the officer stopped the car, drugs were recovered. We found no evidence to support the officer's conclusion that criminal activity was afoot. There was no information that the particular car in *DeWitt* or its occupants were engaged in criminal activity, and nothing in their behavior could lead to that conclusion, let alone probable cause to

pressed as the fruit of illegal police conduct under the Fourth Amendment. In *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the U.S. Supreme Court held that contraband disposed of or abandoned in the course of an unjustified pursuit by police is not the fruit of illegal police conduct and is not a "seizure" under the Fourth Amendment requiring suppression of the evidence obtained. *Hodari D.* is therefore contrary to the second part of our holding in *Jeffries*. The first part of our holding in *Jeffries*, however, that flight alone does not give probable cause to arrest clearly remains valid under the Fourth Amendment.

arrest. Moreover, we observed that we would be hard pressed to conclude that flight, by itself, constitutes reasonable suspicion of criminal conduct. 530 Pa. at 307–08, 608 A.2d at 1034. In short, movement of an unknown item, or the mere exchange of an unknown item or items, plus flight, with nothing more, does not establish probable cause to arrest under the Fourth Amendment. Accordingly, the order of the Superior Court which held to the contrary must be reversed.

Order reversed.

PAPADAKOS, J., did not participate in the decision of this case.

CASTILLE, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation.

CASTILLE, Justice, dissenting.

I must respectfully dissent. While I agree with this Court's holding in *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973), that flight alone does not constitute probable cause for a lawful arrest, in the instant case there is more than mere flight. Here, the police officer, who made his observations from about two car lengths away in broad daylight at 12:50 p.m., saw appellant stand on a public street corner, reach into his pocket and hand a small unknown and concealed object to another individual who then gave appellant an unknown amount of cash. Based upon the officer's experience, he found this behavior to be consistent with the illicit sale of drugs. Acting on a reasonable suspicion that a drug transaction had just been completed, the uniformed police officer exited his marked vehicle to investigate, at which time appellant inexplicably ran away after looking in the officer's direction. The officer then chased appellant, as was his lawful right, and seized him. *See Commonwealth v. Jones*, 474 Pa. 364, 370, 378 A.2d 835, 838 (1977) (there is nothing in the Constitution which prevents a police officer from approaching a person on

the streets in order to make an inquiry) (citations omitted).[1] The officer's belief that appellant had conducted an illegal drug sale was confirmed when he searched appellant and found a brown paper bag in the right-hand pocket of his jacket containing sixteen vials of crack cocaine.

Probable cause exists when the facts and circumstances within the officer's knowledge, which he finds to be reasonably trustworthy, are sufficient to warrant a reasonable person in believing that the suspect has committed or is committing a crime. *Commonwealth v. Rodriguez,* 526 Pa. 268, 273, 585 A.2d 988, 990 (1991). Moreover, in determining probable cause, the circumstances must be viewed from the vantage point of a prudent, reasonable, cautious police officer guided by his training and experience. *Commonwealth v. Norwood,* 456 Pa. 330, 334, 319 A.2d 908, 910 (1974) (citations omitted). While a single surreptitious "commercial transaction" may not give rise to probable cause, and while flight alone does not give rise to probable cause, the totality of those circumstances surely does, especially when the flight following a transaction consistent with an illicit drug sale, is unprovoked by any actions of the police other than their "mere presence." *See*

1. An officer's mere pursuit of a fleeing suspect does not give rise to a Constitutional violation under the Fourth Amendment. *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In the instant matter, the majority, in footnote 2, erroneously characterizes the United States Supreme Court's holding in *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), as being that "contraband disposed of or abandoned in the course of an *unjustified* pursuit by police is not the fruit of illegal police conduct and is not a 'seizure' under the Fourth Amendment requiring suppression of evidence obtained." (Emphasis added). This characterization, set forth in dicta, improperly suggests that the Court in *Hodari D.* found that the pursuit by the police was unlawful. However, at no time did the majority address or characterize the pursuit by the police. Rather, the sole issue addressed by the *Hodari D.* Court was the limited issue of whether a fleeing juvenile was seized under the Fourth Amendment where, despite a police officer's show of authority attempting to make the juvenile stop, the juvenile failed to halt. The Court held that unless a person is physically seized or actually submits to a show of police authority, there is no seizure. In the case below, the majority's characterization of the pursuit in *Hodari D.* as "unjustified" is actually drawn from the dissenting opinion of Mr. Justice Stevens, 499 U.S. at 630, 111 S.Ct. at 1552, and is irrelevant to this case.

*Sibron v. New York,* 392 U.S. 40, 66, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968) ("deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea") (citations omitted); *Commonwealth v. Collins,* 440 Pa. 368, 371, 269 A.2d 882, 884 (1970) (flight may indicate "consciousness of guilt"); *see also, Commonwealth v. Pegram,* 450 Pa. 590, 593–594, 301 A.2d 695, 697 (1973) (flight plus other factors indicating that the person fleeing has something to hide may constitute probable cause to arrest) (citations omitted); *Commonwealth v. Frank,* 407 Pa.Super. 500, 507, 595 A.2d 1258, 1262 (1991) (flight coupled with additional facts that point to the suspect's guilt may give rise to probable cause to arrest). Certainly, these were not the actions of an innocent individual and those actions gave rise to probable cause which supported the officers's arrest and search of appellant. *See Commonwealth v. Lawson,* 454 Pa. 23, 309 A.2d 391 (1973) (probable cause existed where police officer observed three commercial transactions on the street involving unidentified items).

The effect of the majority opinion seriously undermines the ability of law enforcement officers to battle the proliferation of illegal drugs by giving free reign to the furtive sale of drugs on our public streets. A suspicious transaction, which includes the exchange of money for unknown items (such items being consistent and similar in size and configuration to items used in the illicit sale of drugs and exchanged in a manner not consistent with a normal commercial transaction), can give rise to reasonable suspicion as to allow an officer to inquire and investigate. Under a totality of those circumstances, this type of suspicious transaction combined with the seller's flight upon the sight of a uniformed officer in broad daylight, clearly gives rise to probable cause to seize the individual.

Accordingly, because I believe that under the facts and circumstances of this case a prudent police officer could reasonably believe that a criminal drug offense had been committed, I would affirm the order of the Superior Court.