721 A.2d 796

**In the Interest of S.J., a Minor.**

**Appeal of S.J.**

Supreme Court of Pennsylvania.

Argued Feb. 5, 1998.

Decided Dec. 22, 1998.

John W. Packel, Anne L. Saunders, Philadelphia, for S.J.

Catherine Marshall, Hugh J. Burns, Jr., Philadelphia, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been Improvidently Granted.

Justice CASTILLE files a concurring statement in which Justice NEWMAN joins.

Justice NIGRO dissents.

CASTILLE, Justice, concurring.

By dismissing this matter as having been improvidently granted, the Court has overlooked an opportunity to fill a gap in our jurisprudence regarding the level of articulable suspicion necessary to justify an investigative stop. Thus, although I agree with the Court's disposition of this matter insofar as it upholds the denial of appellant's motion to suppress, I write separately to explain why I believe the Court should fully address this matter on the merits. While this concurring statement is not precedential, my hope is that it will nonetheless provide some guidance to the lower courts and law enforcement authorities on the issue of the quantum of articulable suspicion which suffices to justify an investigative stop by police officers.

On November 16, 1995, Philadelphia Police Officer Vincent Parker was on routine patrol when he observed appellant and another person standing by the driver's window of a stopped black sedan. Officer Parker observed the driver of the sedan hand something to appellant, then immediately observed appellant counting money. Appellant then reached into his shirt pocket and pulled out a clear plastic baggie. Appellant took small items out of the baggie and handed them to the driver of the vehicle. Officer Parker, a veteran of over six years of police work who had made between eighty and one hundred drug arrests, believed that he had witnessed an illegal drug transaction. He approached the area where appellant was standing in order to investigate further and called in appellant's direction to "come here," at which point appellant threw the baggie on top of the stopped sedan and fled. Appellant

tripped during flight and was apprehended, and, after the officer ascertained that the discarded baggie contained cocaine, was arrested.

Appellant claims that Officer Parker lacked reasonable suspicion that criminal activity was afoot when he attempted to initiate an investigative stop of appellant by saying "come here," and therefore Officer Parker violated Article I, Section 8 of the Pennsylvania Constitution by effectuating a "coerced abandonment" of the narcotics. However, in light of this Court's decision in *Commonwealth v. Banks*, 540 Pa. 453, 658 A.2d 752 (1995), it is clear that Officer Parker did have reasonable suspicion that criminal activity was afoot in the instant matter. Thus, appellant's argument plainly fails.

In *Banks*, the issue was whether the officer had observed conduct which gave rise to probable cause for an arrest. In that case, the officer had observed the appellant hand an unidentifiable object to an unknown female who, in turn, gave appellant an undetermined amount of cash. In stating that these facts fell "narrowly short" of establishing "probable cause," a decidedly higher standard than the "reasonable suspicion" standard at issue here, the *Banks* Court emphasized that the officer was not a trained narcotics officer and that the containers he observed were not commonly known to hold drugs. *Id.* at 455, 658 A.2d at 753.

If the facts of *Banks* fell "narrowly short" of establishing probable cause, it is beyond peradventure that the facts of this matter meet the lesser "reasonable suspicion" threshold. Unlike the officer in *Banks*, the officer here *was* an experienced narcotics officer and he *did* observe a container the type of which the officer knew to commonly hold drugs. Since Officer Parker had ample reasonable suspicion that criminal activity was occurring to support the initial investigative stop, it is clear that appellant's abandonment of the drugs in this matter was not unlawfully "coerced" by Officer Parker.

Law enforcement authorities should derive guidance from a comparison of the factual situation in *Commonwealth v. Matos*, 543 Pa. 449, 672 A.2d 769 (1996), with the factual situation

in the matter *sub judice*. In *Matos,* the officers approached the suspects without reasonable suspicion and the suspects took flight and were pursued by the officers. During this flight, Matos abandoned illegal contraband. This Court, over a dissent by this author, deemed the abandonment during flight a "coerced" abandonment and suppressed the evidence. In contrast, in the instant matter, given Officer Parker's observations and his prior experience in narcotics investigations,[1] he clearly had reasonable suspicion that criminal activity was afoot, thereby conferring the imprimatur of legality on his further investigation of the suspects. Consequently, the ensuing abandonment of the illegal narcotics cannot be deemed a "coerced" abandonment in response to an unjustified pursuit, and the evidence discovered in the baggie is admissible.

Given this Court's holdings in *Banks* and *Matos,* there is currently a gap in our jurisprudence regarding the quantum of articulable suspicion which suffices to establish "reasonable suspicion" for an investigative stop. Consequently, I am hopeful that this concurring statement will prove instructive to the lower courts, even though it does not carry precedential weight, by affirming that *Banks* is limited to the context of probable cause for an arrest and that *Matos* is limited to the context of a "coerced" abandonment where there was no reasonable suspicion for the initial investigative stop. Neither holding is applicable when reasonable suspicion clearly exists for the original investigative stop, as was the case here.

Justice NEWMAN joins this concurring statement.

Justice NIGRO dissents.

---

1. On these facts, even a police officer with relatively little experience in narcotics investigations clearly would have formulated the requisite "reasonable suspicion" for an investigative stop if he made the same observations which Officer Parker made.