820 A.2d 1264 (2003)
In the Interest of T.F.
Appeal of T.F.
Superior Court of Pennsylvania.
Submitted October 7, 2002.
Filed March 4, 2003.
Reargument Denied May 8, 2003.
*1265 John Packel, Public Defender, Robin Forrest, Assistant Public Defender, Philadelphia, for appellant.
Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.
Before DEL SOLE, P.J., and TODD and OLSZEWSKI, JJ.
OPINION BY DEL SOLE, P.J.:
¶ 1 Appellant T.F. was adjudicated delinquent on charges of possession, possession with intent to deliver and delivery of crack cocaine. On this direct appeal, Appellant contends that the court should have granted his motion to suppress because the officer did not have probable cause to arrest him. We agree and therefore reverse the trial court's denial of Appellant's suppression motion.
¶ 2 On review of a defendant's appeal of the suppression court's ruling we consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Commonwealth v. Jackson, 548 Pa. 484, 698 A.2d 571, 572 (1997). If there is support in the record, we are bound by the facts as found by the suppression court. Id. However, we are not bound by the legal conclusions of the suppression court and must reverse if those conclusions are in error or the law is misapplied. Commonwealth v. Albert, 767 A.2d 549 (Pa.Super.2001). Presently, the suppression court erred in finding that the officer's observation of an exchange of some item for cash established probable cause.
¶ 3 The testimony at the suppression hearing was brief. The arresting officer stated that he observed the defendant exchange "small objects from his right pocket to a black male in exchange for U.S. currency." N.T., 3/17/01, at 4. The black male then went northbound and Appellant walked westbound on Willard Street, where the officer stopped him approximately one-half block from the site of the transaction. The officer testified to seizing packages of crack cocaine from Appellant's right pocket. The officer further testified that he had been an officer for two years and was narcotics trained. He also stated that he knew Appellant and saw him on that corner frequently but had never seen him engage in drug transactions before.
¶ 4 In Commonwealth v. Banks, 540 Pa. 453, 658 A.2d 752 (1995), our Supreme Court held, under similar factual circumstances, that the observation of a mere exchange of an unknown item on the street corner, even when coupled with flight from the officer, was not sufficient to establish probable cause. The Court noted the absence of "[w]ell recognized additional factors giving rise to probable cause," id. at 753, such as: a trained narcotics officer observing either the drugs themselves or containers commonly known to hold drugs; multiple, complex, suspicious transactions; or receipt by the officer of a citizen's complaint or an informant's tip. Similarly, in the present case none of these "well recognized additional factors" were present; rather, the only evidence presented by the *1266 Commonwealth was that an officer with only two years' experience observed an exchange of objects for money. Under Banks, this does not rise to probable cause.[1]
¶ 5 Accordingly, we vacate the order, reverse the denial of Appellant's suppression motion, and remand for a new adjudication hearing. Jurisdiction relinquished.
NOTES
[1] We note that a panel of this Court recently filed an opinion upholding an arrest under similar circumstances. See Commonwealth v. Nobalez, 805 A.2d 598 (Pa.Super.2002). The panel found that the officer's experience in observing drug transactions was properly considered by the suppression court and was a factor which distinguished Nobalez from Banks. We note that the dissent in Banks did point out the officer's experience and believed it should have been considered as a factor to uphold the arrest; however, that viewpoint did not carry the day.