**Commonwealth v. Huffman**

CP. of Lehigh County, no. 510612009.

*Jeffrey Burd, deputy district attorney,* for Commonwealth.
*Stephen Vlossak Jr.,* for defendant.

DANTOS, *J.*, August 13, 2010—Defendant, Curtis Darrel Huffman, has been charged in the above captioned matter with driving under the influence of alcohol (general impairment: third offense; highest tier)[1], and the summary offenses of driving while operating privilege is suspended or revoked.[2] Presently before this court is defendant's omnibus pretrial motion the nature of a motion to suppress and a motion to dismiss. An evidentiary hearing relative to defendant's motion was conducted before this court on July 13, 2010. At the evidentiary hearing, the Commonwealth presented the testimony of Officer Mark Nederostek of the Whitehall Township Police Department. The defendant did not present any evidence. Based on the testimony of the Commonwealth's witness, we make the following findings of fact.

## FINDINGS OF FACT

(1) On July 12, 2009, at approximately 7:40 p.m., Officer Mark Nederostek of the Whitehall Township Police Department was responding to a motorist in distress call that indicated that there was a disabled vehicle in the area of the Whitehall Auto Parts Store on MacArthur Boulevard in Lehigh County, Pennsylvania.

(2) Upon arriving on scene in a marked police cruiser and in full uniform, Officer Nederostek observed a green Kia Sportage vehicle in the Whitehall Auto Parts Store parking lot. Officer Nederostek approached the subject vehicle and identified himself as a police officer. The lone individual in the vehicle exited through the driver's side of the car.

---

1. 75 P.S. §3802(a)(1); 75 P.S. §3802(c).
2. 75 P.S. §1543(a); 75 P.S. §1543(b)(1).

(3) Officer Nederostek requested identification from the individual. An expired Pennsylvania driver's license was produced, identifying the subject person as the defendant, Curtis Huffman. The defendant did not furnish Officer Nederostek with a valid identification card. In fact, the defendant's driving record indicated that the defendant's driver's license had been suspended due to a previous driving under the influence conviction. (C. ex. 2.)

(4) Officer Nederostek observed that the defendant appeared shaky, unstable and smelled of alcohol. The defendant's speech was slurred and not the natural cadence. Therefore, Officer Nederostek performed a portable breath test on the defendant.[3] The results yielded a blood alcohol content of .24 percent.

(5) Based on the officer's training and experience, he determined that the defendant was under the influence of alcohol and transported him to Health Network Laboratories for blood to be drawn. The lab report indicates that the defendant's blood alcohol content was .22 percent. (C. ex. 1.)

(6) The subject vehicle was not running at the time of the incident. However, Officer Nederostek observed the keys in the ignition of the Kia Sportage and the hood of the vehicle was warm to the touch.

(7) Officer Nederostek did not see the defendant driving the vehicle. Additionally, at no time did the defendant state that he was driving the vehicle or otherwise admit

---

3. A field sobriety test was not performed on the defendant because he stated that recently he had suffered a logging injury.

such action. In fact, Officer Nederostek was unaware if the vehicle was capable of running properly and did not know how long the vehicle had been in the parking lot of the Whitehall Auto Parts Store.

## CONCLUSION OF LAW

(1) The arrest of the defendant was made without probable cause and was unlawful.

(2) The blood evidence seized as a result of the defendant's arrest was unlawfully obtained.

(3) All evidence seized as a result of the arrest must be suppressed.

(4) All charges filed against the defendant must be dismissed because he was unlawfully and illegally arrested.

## DISCUSSION

The defendant contends in his omnibus pretrial motion that Officer Nederostek did not have probable cause to conduct a valid warrantless arrest for driving under the influence of alcohol and driving while operating privilege is suspended or revoked, and therefore all evidence stemming therefrom should be suppressed. Additionally, the defendant argues that because the defendant was unlawfully and illegally arrested for driving under the influence of alcohol and driving while operating privilege is suspended or revoked, all of the charges filed against the defendant should be dismissed. We agree with the defendant's arguments.

Generally, for an arrest to be lawful, it must occur pursuant to a warrant. However, a warrantless arrest is

constitutionally valid under the Fourth Amendment to the United States Constitution when it is supported by probable cause. *Commonwealth v. Barnett,* 484 Pa. 211, 398 A.2d 1019 (1979). The determination of whether probable cause exists support a warrantless arrest is based on an evaluation of the totality of the circumstances observed by the officer when making the arrest. *Commonwealth v. Clark,* 558 Pa. 157, 164, 735 A.2d 1248, 1252 (1999); *Commonwealth v. Banks,* 540 Pa. 453, 658 A.2d 752 (1995). Specifically, under the totality of the circumstances test, probable cause present where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed.

In order to establish a prima facie case for driving under the influence, the Commonwealth must have demonstrated that the individual was driving, operating, or in actual physical control of the movement of the vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving. See 75 Pa.C.S. §3802(a)(1); 75 Pa.C.S. §3802(c). In the instant case, Officer Nederostek provided ample evidence to support his belief that the defendant was under the influence of alcohol. Indeed, Officer Nederostek testified that the defendant was shaky, unstable, smelled of alcohol. The defendants speech was slurred and not the natural cadence. However, Officer Nederostek did not have probable cause to arrest the defendant on the charge of driving under the influence. Based on the totality of the circumstances, the record evidence failed to establish that the defendant was actually driving the vehicle. Of-

ficer Nederostek had received a dispatch to the Whitehall Auto Parts Store for a all of a distressed motorist indicating that the vehicle was disabled. Upon arriving on the scene, the subject green Kia Sportage was parked in the parking lot, with the defendant emerging from the driver's seat. At no time did Officer Nederostek see the defendant driving the vehicle. Additionally, the defendant did not state that he was driving the vehicle or otherwise admit such action. In fact, Officer Nederostek was unaware if the vehicle was capable of running properly and did not know how long the vehicle had been in the parking lot of the Whitehall Auto Parts Store, While Officer Nederostek did testify that the keys were in the ignition and that the hood was warm to the touch, this court notes that this testimony is inconsistent with that provided at the preliminary hearing.[4] The officer's belief must be objective in light of the surrounding circumstances. Because evidence of a vital element is lacking, *i.e.* that the defendant was driving, operating, or in actual physical control of the movement of the vehicle, there is no indication that the defendant was engaged in the criminal behavior for which he was arrested. Consequently the Commonwealth failed to establish a prima facie case of

---

4. The testimony at the preliminary hearing conducted on December 9, 2009, is not consistent with the officer's testimony at the time of the hearing on defendant's omnibus pretrial motions in this regard. At the preliminary hearing, Officer Nederostek indicated that he observed the keys in the ignition after the defendant was already taken into custody. In contrast, at the evidentiary hearing on July 13, 2010, Officer Nederostek stated that he noted the keys in the ignition prior to arresting the defendant. Additionally, the transcript of the preliminary hearing is void of testimony that the hood of the Kia Sportage was warm to the touch.

the charges and the aforementioned charges must be dismissed.[5]

## ORDER

Now, August 13, 2010, upon consideration of defendant's omnibus pretrial motion, and after hearing held on July 13, 2010, and for the reasons stated in the accompanying opinion,

It is hereby ordered that the defendant's omnibus pretrial motion is granted and the charges are dismissed.

---

5. It is axiomatic that the Commonwealth must show that the defendant was driving the vehicle in order to have presented a prima facie case of driving while operating privilege is suspended or revoked, See 75 P.S. §1543(a), 75 P.S. §1543(b)(1). Accordingly, the same argument applies to these summary charges.