J-S02027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRUCE ALVARADO | |
| Appellant | No. 488 EDA 2014 |

Appeal from the Judgment of Sentence January 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000702-2013

BEFORE: MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 06, 2015**

Appellant, Bruce Alvarado, appeals from the judgment of sentence entered on January 24, 2014. We affirm.

The trial court has ably summarized the underlying facts of this case. As the trial court explained:

> On January 1, 2013, Detective Perez and Officer Floyd set up a narcotics surveillance on the 2800 block of Lee Street in the City of Philadelphia. At approximately 5:20 p.m., Detective Perez observed [Appellant] standing on the northwest corner of Lee Street and Somerset Street along with another Hispanic male, later identified as Christopher Keylez.[1] A white male, later identified as Andrew Cook,

---

[1] As the Commonwealth declares: "[t]he notes of testimony from trial identify the cohort as 'Christopher Ke[y]lez,' but the trial court's docket identifies the co-defendant's criminal matter as ***Commonwealth v. Cristopher Quiles***, CP-51-CR-0004687-2013." Commonwealth's Brief at 2 n.1. Nevertheless, with respect to the co-defendant's last name, this

*(Footnote Continued Next Page)*

approached them, engaged in a brief conversation, and then handed Keylez [United States] currency. In response, Keylez crossed the street to a vacant lot for approximately one minute and returned to hand Cook a small item. Cook then departed from the area and Detective Perez radioed his description and direction of travel to backup officers. . . . Cook was stopped by Officer Ashburn, who recovered one yellow tinted packet of powder cocaine.

. . .

At approximately 5:55 p.m., Detective Perez observed another white male, later identified as Francis Mandarin, approach [Appellant] and Keylez, engage in a brief conversation, and then hand Keylez [United States] currency. In response, Keylez crossed the street to a vacant lot for approximately one minute and returned to hand Mandarin a small item with a fist over hand motion. Mandarin then departed [] the area in a white Buick and Detective Perez radioed [Mandarin's] description, the vehicle description, and the direction of travel to backup officers. . . . Mandarin was stopped by Officer Crawford, who recovered one peach packet of crack cocaine.

. . .

At approximately 6:25 p.m., Detective Perez observed a third white male, later identified as Charles Gorman, approach [Appellant] and Keylez, engage in a brief conversation, and then hand [Appellant] [United States] currency. In response, [Appellant] handed Gorman a small item with a fist over hand motion. Gorman then departed [] the area in a Toyota Rav4 [automobile] and Detective Perez radioed [Gorman's] description, the vehicle description, and the direction of travel to backup officers. The detective also radioed a description of [Appellant] and [Keylez] to the backup officers. . . . Gorman was stopped by Officer Kenner, who recovered five clear packets of heroin with blue glassine inserts stamped "China White."

*(Footnote Continued)* _____

memorandum will retain the spelling that is memorialized in the trial court's opinion and in the notes of testimony.

- 2 -

. . .

> [During Appellant's trial, it was stipulated that "Officer Criselli . . . stopped and arrested [Appellant] as [Appellant] began to run into [Appellant's house at] 2810 Lee Street." N.T. Trial, 10/30/13, at 20.] Officer Criselli [] recovered [$150.00 in United States] currency from [Appellant's] person. [However, the police did not recover any controlled substances from Appellant's person]. Keylez was stopped and arrested by Officer Walsh[,] who recovered [$250.00 in United States] currency from [Keylez's] person.

Trial Court Opinion, 5/13/14, at 2-4.

Following Appellant's October 30, 2013 bench trial, the trial court found Appellant guilty of possession of a controlled substance with the intent to deliver (hereinafter "PWID") and possession of a controlled substance.[2] On January 24, 2014, the trial court sentenced Appellant to serve a term of one-and-a-half to four years in prison for PWID.[3]

Appellant filed a timely notice of appeal and now raises the following claim to this Court:

> Was not the evidence insufficient to convict [Appellant] of [PWID] and simple possession of a controlled substance where the officer's observations and circumstantial evidence

_____

[2] 35 P.S. § 780-113(a)(30) and (16), respectively.

[3] Appellant was originally sentenced on October 30, 2013. However, Appellant filed a timely post-sentence motion and, on January 24, 2014, the trial court vacated Appellant's judgment of sentence. Trial Court Order, 1/24/14, at 1. The trial court then re-sentenced Appellant to serve a term of one-and-a-half to four years in prison for PWID, with credit for 379 days of time served. *Id.*

did not establish, beyond a reasonable doubt that [Appellant] committed the illegal acts?

Appellant's Brief at 3.

We review Appellant's sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*) (internal quotations and citations omitted).

Appellant claims that the evidence was insufficient to support his PWID and simple possession convictions because "there was [not] enough [] circumstantial evidence to conclude beyond a reasonable doubt that the drugs recovered from Mr. Gorman were sold to him by [Appellant]. . . .

[Therefore, Appellant's convictions are based upon] conjecture and speculation." Appellant's Brief at 10 and 14. In other words, Appellant claims that the evidence is insufficient to support his convictions because "the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Brown**, 23 A.3d at 559-560 (internal quotations and citations omitted). Appellant's claim fails.

An individual is guilty of possession of a controlled substance if he knowingly and intentionally possesses a controlled substance. 35 P.S. § 780-113(a)(16). Further, "[i]n order to convict an accused of PWID under 35 P.S. § 780-113(a)(30), the Commonwealth must prove that he both possessed the controlled substance and had an intent to deliver that substance." **Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011) (internal quotations and citations omitted).

Within Appellant's brief to this Court, Appellant bases his argument upon our Supreme Court's opinion in **Commonwealth v. Banks**, 658 A.2d 752 (Pa. 1995). There, our Supreme Court held that the police did not have probable cause to conclude that the defendant had sold contraband, where the police observed: a single exchange on a street corner, where the defendant handed an unidentified object to an unidentified female in exchange for an undetermined amount of money, and the defendant fled upon seeing the police. Appellant's Brief at 12; **Banks**, 658 A.2d at 752.

According to Appellant, since the Supreme Court concluded that the police did not possess probable cause in **Banks**, "by definition" the evidence is insufficient to support Appellant's convictions in the case at bar. Appellant's Brief at 12-13.

Appellant's reliance upon **Banks** fails because, in **Banks**, the police merely observed a single street transaction and the police never stopped the unidentified female – thus, the police were never able to determine what the defendant sold to the female. **Banks**, 658 A.2d at 753. By contrast, in the case at bar, the quantity and quality of the Commonwealth's evidence is far greater than was found in **Banks**. Specifically, in this case, the Commonwealth presented evidence that: Appellant was lingering on a street corner that was being used for drug distribution, with an individual who was distributing cocaine; during the course of one hour, the police observed Appellant and Keylez engage in three hand-to-hand street transactions with passing individuals; the three hand-to-hand transactions occurred in roughly the same manner (the individual approached Appellant and Keylez on the corner, the individual engaged in a brief conversation with Appellant and Keylez, the individual handed Appellant or Keylez money, following the monetary exchange, either Appellant or Keylez handed the individual "a small item" in a "fist over hand motion," and, following the brief transaction, the individual departed); each of the individuals was later stopped by the police and the police recovered cocaine from the two who

transacted with Keylez and a different drug – heroin – from the one who transacted with Appellant; when police appeared on scene, Appellant attempted to flee; and, a search of Appellant's person revealed that Appellant possessed $150.00.

Viewing this evidence in the light most favorable to the Commonwealth, we conclude that the evidence is sufficient to prove that Appellant possessed the heroin that was later recovered from Charles Gorman and that, when Appellant possessed the heroin, Appellant possessed the heroin with the intent to deliver. Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015