J-S54013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MALIK CULMER, | |
| Appellant | No. 2762 EDA 2014 |

Appeal from the Judgment of Sentence August 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-3681-2012

BEFORE:  BOWES, PANELLA, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 14, 2015**

Malik Culmer appeals from the judgment of sentence imposed following his conviction for possession of a controlled substance.  He specifically challenges the trial court's denial of his motion to suppress drugs recovered by the arresting officers.  For the reasons set forth herein, we affirm.

The trial court summarized the facts as follows:

> Officer Michael Guinter testified that on January 22, 2012 at around 11 a.m. he was on duty with his partner, Officer Bocelli, in the area of the 700 block of Emily Street in the City of Philadelphia.  Officer Guinter stated that he, as the driver, and his partner, as a passenger, were traveling northbound at less than five (5) miles per an hour in an unmarked vehicle and in plainclothes on the 200 block of 7th Street.  At the corner of 7th Street and Emily Street, Officer Guinter observed from ten (10) to fifteen (15) yards away, a green Buick half-parked on the sidewalk facing the Officer's direction with a black male,

---

* Former Justice specially assigned to the Superior Court.

identifying the Defendant, seated in the driver seat. Next to the Buick was a smaller silver sedan also facing in the officer's direction, with two individuals, a white male driver seated inside and a white male standing outside between the two vehicles.

Officer Guinter stated that he observed the white male, with U.S. currency in his hand, lean into the green Buick and exchange the currency for small objects from the Defendant. Officer Guinter stated that he saw small objects exchanged, but could not specify what was passed. He testified that he believed this exchange to be a narcotics transaction based on his seven (7) years of experience as a police officer working in the Third (3d) District for that entire amount of time. Officer Guinter stated that he has made approximately three hundred and fifty (350) narcotics arrests in the district and that the immediate location is known for being a high crime and drug-ridden area.

After observing the transaction, both Officer Guinter and his partner stopped and exited their vehicle. After Officer Guinter identified himself as a police officer, the Defendant exited his vehicle and fled westbound on Emily Street by foot. Officer Guinter chased the Defendant for about two (2) blocks, lost sight of him for twenty (20) seconds when the Defendant made a turn onto Snyder Avenue, and found him hiding underneath a van on the 700 block of Snyder Avenue.

Officer Guinter testified that he pulled the Defendant out from underneath the vehicle, and upon searching him, recovered seven hundred and forty-two dollars ($742) U.S. currency from the Defendant's front left pant pocket. After returning to the scene of the alleged transaction, Officer Guinter stated that he was able to see a clear bag with multiple small pink Ziploc bags inside, which he believed to be crack cocaine, on the floor of the driver's side from outside of the Defendant's vehicle. Officer Guinter recovered the bags which were later identified to contain crack cocaine. Both the items and the U.S. currency recovered were placed on property receipts. Officer Guinter testified that the white males and the silver sedan were no longer on the scene when he returned with the Defendant. He further stated that his partner had jumped into the unmarked police vehicle to follow him upon the Defendant's flight.

Trial Court Opinion, 2/6/15, at 2-4.

Appellant was initially charged with possession with intent to deliver ("PWID") and possession of a controlled substance. On April 24, 2013, Appellant filed an omnibus pre-trial motion which requested, *inter alia*, that the trial court suppress physical evidence seized on Appellant's person and in his vehicle. Omnibus Pre-trial Motion, 4/24/13, at 2. Specifically, Appellant argued that the items were seized "without a search and seizure warrant and without the existence of exigent circumstances or probable cause." ***Id***. The trial court held a suppression hearing and denied Appellant's motion on April 30, 2014. Following a nonjury trial, Appellant was found guilty of possession of a controlled substance. The court sentenced Appellant to one year probation on August 21, 2014.

Appellant filed a 1925(b) statement of errors complained of on appeal, and the trial court issued its responsive 1925(a) opinion. On appeal, Appellant raises one issue:

> Whether the Trial Court erred in denying Appellant's Motion to Suppress $742.00 and 13 pink packets of crack cocaine where the seizing officer, Officer Guinter, lacked probable cause to chase Appellant, "pull him out" from under a parked vehicle NT 21, and search him, recovering $742.00 from the defendant's person and then extending the taint of illegal seizure to the search of a vehicle wherein the officer found 13 pink packets of cocaine.

Appellant's brief at 5.

Appellant's sole issue challenges the trial court's denial of his motion to suppress. Our well-settled standard of review in these matters is "limited

to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Ranson***, 103 A.3d 73, 76 (Pa.Super. 2014) (citation omitted). In doing so, we consider the Commonwealth's evidence and any of the defendant's evidence that remains uncontradicted. ***Id***. Where this Court agrees that the findings of the suppression court are supported by the record, "we are bound by these findings and may reverse only if the court's legal conclusions are erroneous." ***Id***. Legal conclusions based on those facts, however, are not binding on this Court and are subject to plenary review. ***Id***.

Herein, Appellant argues that Officer Guinter lacked probable cause to chase Appellant, which led to the recovery of $742 in cash and, eventually, several Ziploc bags containing crack cocaine. He contends that the officer's observation of a single transaction, even coupled with Appellant's flight, did not create probable cause for the officer's subsequent search of Appellant and the vehicle. In the alternative, Appellant argues that the trial court's contention that reasonable suspicion ripened into probable cause upon flight is erroneous because Appellant's flight "was in response to actions of seizure by the arresting officer" and did not indicate guilt. Appellant's brief at 11.

The Commonwealth responds that Appellant's single issue is waived, as the issue presented in his 1925(b) statement is incongruous with the one argued in his brief. It then proceeds to argue that, if reviewable, Appellant

is entitled to no relief. As the initial interaction between Appellant and police was a mere encounter, the Commonwealth suggests, Appellant was not seized. Even if he was, the experienced Officer Guinter's observation of Appellant's participation in a drug transaction in a high crime area afforded probable cause for a search and seizure. Consequently, the suppression court properly denied Appellant's motion to suppress the physical evidence.

We reject the Commonwealth's waiver argument; nonetheless, we find Appellant's argument meritless. For the reasons that follow, we affirm. We address the characterization of both the initial interaction between Appellant and Officer Guinter and the ultimate search and seizure of Appellant and the car. As this Court has explained, "courts require police to articulate the basis for their interaction with citizens in [three] increasingly intrusive situations." *Commonwealth v. Clemens*, 66 A.3d 373, 378-79 (Pa.Super. 2013). Our High Court has described those three situations:

> The first category, a mere encounter or request for information, does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from *Terry v. Ohio*[, 392 U.S. 1 (1968),] and its progeny: such a detention is lawful if supported by reasonable suspicion because, although it subjects a suspect to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause.

*Id*. (*citing* *Commonwealth v. Smith*, 836 A.2d 5, 10 (Pa. 2003)).

Herein, upon witnessing what he believed to be a narcotics transaction, Officer Guinter and his partner exited their vehicle and, "[b]y show of badge and verbally," identified themselves as police officers, and walked toward the vehicle. N.T., 4/30/14, at 9, 19. At that point, Appellant "exited his vehicle and fled[.]" *Id*. Notably, Officer Guinter did not testify that he either ordered Appellant to stop prior to flight or compelled him to answer any inquiries. This initial interaction was a lawful investigative detention, which was supported by reasonable suspicion following Officer Guinter's observation of Appellant's transaction. *See Commonwealth v. Nguyen*, 116 A.3d 657 (Pa.Super. 2015) (acknowledging that an investigative detention must be supported by reasonable suspicion of unlawful activity).

Affording relief to Appellant therefore rests upon this Court finding that, after his flight from the vehicle, Officer Guinter lacked probable cause to seize Appellant and search his person and the vehicle. We cannot make such a finding. "The police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Caban*, 60 A.3d 120, 127 (Pa.Super. 2012) (citations omitted).

In addition to his testimony regarding his initial interaction with Appellant, Officer Guinter testified to the following facts, which were not

- 6 -

contradicted by Appellant. While slowly patrolling the 700 block of Emily Street in plainclothes in an unmarked police vehicle, Officer Guinter and his partner observed from just 30 feet away what he believed to be Appellant's participation in a drug transaction. N.T., 4/30/14, at 6-8. As noted, Appellant exited his vehicle and fled when the officers identified themselves. He was apprehended while hiding under a nearby vehicle. *Id*. at 9.

Officer Guinter had been a Philadelphia police officer for seven years, spending that entire term in the 3rd District, where this transaction occurred. *Id*. at 11. He had made approximately 350 narcotics arrests during his tenure and knew that the 3rd District "is a very high crime and drug-ridden" area. *Id*. Based on this experience, he believed he witnessed a drug transaction.

While Appellant relies heavily on *Commonwealth v. Banks*, 658 A.2d 752 (Pa. 1995), and its progeny for the contention that just one transaction coupled with flight does not support probable cause, such reliance is misplaced. Indeed, our High Court's decision in *Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009), requires us to review the facts presented through the lens of the arresting officer's knowledge and experience. As in *Thompson*, the presence herein of factors additional to Officer Guinter's years of knowledge and experience, including his observations, Appellant's flight, and the prevalence of drug crime in the area, led to the officer's conclusion that he witnessed a drug transaction.

- 7 -

Accordingly, we find that the trial court properly relied on the totality of the circumstances in finding that Officer Guinter had probable cause to seize and search Appellant's person. **See Commonwealth v. Ventura**, 975 A.2d 1128 (Pa.Super. 2009) (noting that Pennsylvania recognizing a lawful arrest as authorization to search an arrestee).

Appellant does not challenge whether Officer Guinter had probable cause to search his vehicle in the event that his seizure was lawful, alleging only that any search of the vehicle was "fruit of the poisonous tree." Appellant's brief at 11. As we find that the officer had probable cause to search Appellant and further acknowledge that Officer Guinter's testimony that the Ziploc bags containing cocaine were in plain view from outside Appellant's vehicle went uncontradicted, we need not separately analyze the legality of any purported search of Appellant's vehicle.

We need only briefly address Appellant's "alternative perspective," which is that Appellant fled in response to Officer Guinter's "actions of seizure" in approaching the vehicle. Appellant's brief at 11. This argument is contingent upon this Court viewing the evidence of flight and its surrounding circumstances in a light most favorable to Appellant, which violates our standard of review. **See Clemens**, **supra** at 380 (declining to view evidence in light most favorable to defendant where record supports finding of suppression court). Accordingly, we will not do so, as the record herein supports the findings of the suppression court.

Having found that Officer Guinter had probable cause to search Appellant and that additional physical evidence was properly recovered from his vehicle, we find that the suppression court's denial of appellant's motion to suppress was proper.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015