J-S89039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KAREEM FITCHETT | |
| Appellant | No. 3307 EDA 2015 |

Appeal from the Judgment of Sentence June 1, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0015723-2013

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED April 25, 2017**

Appellant, Kareem Fitchett, appeals from his judgment of sentence of five to ten years' imprisonment for carrying a firearm as a convicted felon,[1] carrying a firearm without a license[2] and carrying a firearm in public in Philadelphia.[3] Appellant argues, *inter alia*, that the trial court erred by denying his motion to suppress the gun that police officers found in his bag during a search incident to arrest. We affirm.

At 2:00 p.m. on November 5, 2013, Captain Drew Techner was patrolling the area of 23rd and Jefferson Streets in Philadelphia when he saw a Chrysler 300 stopped in the middle of the street. The vehicle was directly

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105.

[2] 18 Pa.C.S. § 6106.

[3] 18 Pa.C.S. § 6108.

in front of the officer's car, blocking traffic and preventing the officer from passing in his vehicle. Captain Techner saw Appellant in the rear passenger seat handing an object to the driver. The officer approached the driver to initiate a traffic stop and found that he was operating a cab.

Moments later, Officer Neika Bell arrived as back-up and approached Appellant, who was still sitting in the rear passenger seat with a black bag next to him. Officer Bell asked Appellant for his identification, and Appellant told her his name and date of birth. The officer ran this information in the N.C.I.C./P.C.I.C. database and learned that Appellant was on bench warrant status.

Officer Bell asked Appellant to step out of the vehicle. Appellant stepped out carrying the black bag, and he was patted down and arrested. Minutes later, Officer Joseph Maltz arrived on the scene to transport Appellant and found him standing with the black bag on the ground immediately next to him. Officer Maltz asked Appellant whether he was the owner of the black bag, and Appellant made a gesture indicating that the bag was his. Captain Techner confirmed that it was the same black bag that he saw Appellant carrying when stepping out of the vehicle at the time of arrest. Officer Maltz looked in the bag and recovered a .45 caliber semi-automatic handgun.

Appellant was charged with the aforementioned offenses. On March 25, 2015, the trial court denied Appellant's motion to suppress the gun

seized during his arrest[4] and then found Appellant guilty of all charges during a non-jury trial. On June 1, 2015, the court imposed sentence. Appellant filed timely post-sentence motions challenging, *inter alia*, the weight of the evidence. The trial court denied these motions, and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal:

> A. Did the suppression court err by denying Appellant's motion to suppress?
>
> B. Was the evidence insufficient to support the weapons charges?
>
> C. Were the verdicts against the weight of the evidence?

Appellant's Brief at 3.

Appellant first challenges the denial of his motion to suppress. When this Court addresses a challenge to the denial of a suppression motion,

> [we are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the

_____
[4] The court entered findings of fact identical in substance to the evidence discussed above.

suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of the courts below are subject to [ ] plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526–27 (Pa. Super. 2015) (citation omitted). When reviewing the suppression court's rulings, we consider only the suppression record. *In re L.J.*, 79 A.3d 1073, 1085 (Pa. 2013) ("it is inappropriate to consider trial evidence as a matter of course, because it is simply not part of the suppression record, absent a finding that such evidence was unavailable during the suppression hearing").

"The Fourth Amendment of the Federal Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures." *Commonwealth v. Walls*, 53 A.3d 889, 892 (Pa. Super. 2012). In Fourth Amendment jurisprudence, there are three categories of interactions between citizens and the police:

> The first [category] is a "mere encounter" (or request for information) which need not be supported by any level of suspicions, but carries no official compulsion to stop or respond. The second, an "investigative detention," must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Gutierrez*, 36 A.3d 1104, 1107 (Pa. Super. 2012) (citation omitted). Reasonable suspicion

is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Commonwealth v. Clemens*, 66 A.3d 373, 379 (Pa. Super. 2013) (citation omitted).

"[A] police officer may stop a vehicle based on the reasonable belief that a provision of the Motor Vehicle Code has been or is being violated." *Commonwealth v. Rosa*, 734 A.2d 412, 414 (Pa. Super. 1999); 75 Pa.C.S. § 6308(b). During a traffic stop for a suspected violation of the Motor Vehicle Code, the officer may constitutionally request identification from a vehicle passenger. *See Commonwealth v. Reed*, 19 A.3d 1163, 1167-68 (Pa. Super. 2011); *Commonwealth v. Campbell*, 862 A.2d 659, 664 (Pa. Super. 2004) ("police can require both the driver *and* the passengers in the vehicle to identify themselves during a routine traffic stop regardless of whether there is reasonable suspicion that the passengers are engaged in criminal activity") (emphasis in original); *see also Commonwealth v. Au*, 42 A.3d 1002, 1007 (Pa. 2012) ("a request for identification is not to be regarded as escalatory in terms of the coercive aspects of a police-citizen encounter").

The Motor Vehicle Code provides:

> Outside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.

75 Pa.C.S. § 3351(a). In this case, Captain Techner observed a car stopped in the middle of the road for several minutes, obstructing traffic and preventing his police vehicle from continuing along the road. Because this constituted a violation of section 3351(a), Captain Techner had the authority to initiate a traffic stop under 75 Pa.C.S. § 6308(b), and the back-up officer, Officer Bell, had the authority to request Appellant's identification during the course of the stop. *Reed*, 19 A.3d at 1168; *Campbell*, 862 A.2d at 664.

Using Appellant's identification, Officer Bell ran an N.C.I.C. search and learned that an open bench warrant existed for his arrest. This furnished her with probable cause to arrest Appellant. *See Commonwealth v. Cotton*, 740 A.2d 258, 264-65 (Pa. Super. 1999) ("the information contained in a N.C.I.C. report is so inherently reliable that such information is, in and of itself, sufficient to form the basis of a finding of probable cause for a police officer who receives such information from an N.C.I.C. report to make an on the spot arrest").

Because probable cause existed to arrest Appellant, the police officers had the authority to take him into custody and perform a search incident to his arrest. The scope of a search incident to arrest encompasses the defendant's person and the area within his immediate control, including containers within this area. *See Commonwealth v. Simonson*, 148 A.3d 792, 799 (Pa. Super. 2016)); *Commonwealth v. Guzman*, 612 A.2d 524, 527 (Pa. Super. 1992), *abrogated on other grounds*, *Commonwealth v. Bell*, 645 A.2d 211 (Pa. Super. 1994). Accordingly, Officer Maltz had the authority to search the bag immediately next to Appellant at the scene of the arrest and confiscate the gun inside the bag. *Id.*

For these reasons, the trial court properly denied Appellant's motion to suppress the gun seized during his arrest.

In his second argument, Appellant contends that the evidence was insufficient to support his convictions for firearms violations because the Commonwealth failed to prove the element of possession. We disagree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth

> may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted), *appeal denied*, 138 A.3d 4 (Pa. 2016).

The trial court found Appellant guilty under 18 Pa.C.S. §§ 6105, 6106 and 6108. Section 6105 provides that a person who has been convicted of any of several enumerated felonies "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105 (a)(1). Section 6106 provides in relevant party that a defendant is guilty of carrying a firearm without a license if he "carries a firearm in any vehicle . . . concealed on or about his person . . . without a valid and lawfully issued [firearms] license." 18 Pa.C.S. § 6106(a)(1). Section 6108 prohibits an unlicensed defendant from, *inter alia*, "carry[ing] a firearm . . . upon the public streets or upon any public property" in Philadelphia. 18 Pa.C.S. § 6108.

The Commonwealth may meet its burden of proving possession not only by showing that the weapon was on the defendant's person, but also by establishing that the firearm was in the defendant's "immediate physical control" or "within arm's reach." *Commonwealth v. Hatcher*, 746 A.2d

- 8 -

1142, 1145 (Pa. Super. 2000) (citation omitted); *see also Commonwealth v. Smith*, 392 A.2d 727, 729 (Pa. Super. 1978) (evidence that appellant was standing with his left foot on bag that contained loaded pistol and heroin, and that he bent down near his foot and then resumed standing position, demonstrated requisite power and intent to control contraband and was sufficient to prove possession of controlled substance).

Viewed in the light most favorable to the Commonwealth, the evidence establishes that defendant was in possession of the gun. Officer Bell testified that she saw Appellant with the black bag next to him in the rear passenger seat of the taxi cab. N.T., 3/25/15, at 33, 37-38. Both Captain Techner and Officer Bell testified that Appellant was carrying the bag when he stepped out of the vehicle upon learning that he was on warrant status. *Id.* at 7-8, 17, 33, 37-38. Moments later, Officer Maltz arrived on the scene to transport Appellant and saw him standing outside with the bag on the ground directly beside him. *Id.* at 21, 24, 61. When the officer asked Appellant if the bag belonged to him, he indicated that it was. *Id.* at 21, 25-26, 59, 63-64. Captain Techner confirmed that it was the same black bag that he saw Appellant carrying at the time of his arrest. *Id.* at 7-8. Officer Maltz looked in the bag and recovered a .45 caliber semiautomatic handgun. *Id.* at 21. In addition, at trial, the Commonwealth presented Appellant's criminal extract, which included two prior convictions for violation of the Uniform Firearms Act. This evidence was sufficient to demonstrate that the

gun in the bag was within Appellant's immediate physical control, thus establishing the element of possession.

Appellant insists that that the evidence failed to demonstrate that "[he] knew that a gun was present in the bag attributed to him or that he acknowledged possession of that particular bag." Brief for Appellant at 29. Notably, Appellant does not claim that the bag belonged to the driver of the cab, yet he insists that the bag—which he was carrying when he exited the cab—did not belong to him and that he did not know what was in the bag. This is nothing more than Appellant's attempt to construe the evidence in the light most favorable to himself rather than the Commonwealth. Construed in the proper light, as we have done above, the evidence establishes the element of possession beyond a reasonable doubt. We reject Appellant's challenge to the sufficiency of the evidence.

In his final argument, Appellant challenges the weight of the evidence, claiming that the evidence shocked the conscience because it was contradictory and unreliable. We disagree.

Our Supreme Court has held that

> [a] motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this

standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Ramtahal***, 33 A.3d 602, 609 (Pa. 2011) (citations omitted).

Based on the evidence summarized above, the trial court rejected Appellant's post-sentence motion challenging the weight of the evidence. The court acted within its discretion by concluding that this evidence was "not so contrary to the evidence as to shock one's sense of justice." ***Id.***

In effect, Appellant asks this Court to re-weigh the evidence relating to his possession of the bag containing the gun. This we cannot do. ***See id.*** ("Appellant's argument is nothing more than a veiled attempt to have this Court re-weigh the evidence and substitute our judgment for that of the jury, which is wholly improper"). In any event, Appellant overlooks that both Captain Techner and Officer Bell testified that Appellant was carrying the bag upon exiting the vehicle, and that Officer Maltz (1) recovered the gun from the bag that was immediately next to Appellant (2) after Appellant indicated that he owned the bag. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/25/2017</u>